To whom it may concern,                                                    August 18th, 2015

    This letter is being written to the Honorable Judge of the Criminal Court of Appeals. On behalf of my appeal, and my 11.07 Habeas Corpus Writ, filed in the District Court of Montgomery County on June 10th, 2014.

    On June 30th, 2015, at 7:30 Am, I received by U.S. mail, a copy of the "States Answer to Application for Post-Conviction, Writ of Habeas Corpus" in which I have reviewed and found numerous lies listed there-in.

    Enclosed, please find a few "court issued" documents that show proof, to the false statements by Mr. Larman and Mr. Ligon of the 9th District Attorneys office of Montgomery County.

    Listed in the "Conclusion of law #3 of the States Answer, Mr. Larman listed state Penal Code 38.04 (B)(2)(A), as being the penal code in which I was convicted under. For the "Evading Arrest" in count III. That is false. Please see the enclosed copy of my court issued Judgment on count III, and take note to the penal code in which I was convicted under. You will find it to be 38.04 (B)(1), the same penal code is also on my indictments, according to "O'Connor's Texas Criminal Codes, pages 941-942". Penal Code 38.04 (B)(1), is a state Jail Felony, not a Felony 3 or Felony 2.

    According to Judith Shields, Risby Owens III, and E.R. (Ned) Turnbull. Attorney's at Law, to whom I've spoken with at different times, have all told me that penal code, "38.04 (B)(1)" in which I was convicted under, is a state jail penal code, and Evading Arrest, did not become "Active" as a Felony 3 until May 1st, 2012. Henceforth, since the charge was not "Active" as a Felony 3 at the time in which I received my charge of Evading Arrest on December 30th, 2011, I cannot be charged with a Felony 3 conviction. I'd also like to point out that on December 31st, 2011 During Probable Cause Court, Judge Damico, stated it was a state Jail Felony that carried 180 days to two years in a State Jail Facility. It is also listed on my Probable Cause Court Paperwork as a State Jail Felony. This was a paper that required my signature. Therefore, my charge, does not permit a 20 year sentence.

    Mr. Larman also alleges that it was lawful for them to use my priors as sentencing enhancements. However, in accordance to various laws found in the new and old Texas Law books, as well as under "Due Process" which falls under the 14th Amendment of the U.S. Constitution. It is not lawful for prior's to be used. Please Refer to "Defendant's Motion to Challenge Plea Agreement as Improper and Invalid sentencing enhancements" found in the memorandum attached to my 11.07. All laws are stated there-in. All prior's used as Enhancements in my case's were all 10 years old or older at the time of my conviction. The "Solicitation of a minor to commit murder" was not committed on August 18th, 2005, I was committed February 14th, 2002. My probation was revoked on August 18th, 2005 after I violated it due to a life and death medical situation with my daughter. And I was sent to TdC-J.

    I must also make known the fact that it was my appeal attorney K.S. "Gator" Dunn, who prepared and submitted my appeal Brief to the Ninth Court of Appeals. And stated there-in that niether of the four prior's used to enhance my cases, qualified as proper enhancements for Texas purposes. He further stated that at the time in which each prior was originally committed, I pled to an amended information and was sentenced to 1 year or less in a county Jail.

    Mr. Larman continues on stating that I was not offered deferred Adjudication. However, I was examined and cross-examined by both the state and my trial counsel, as to what I would do once given deferred Adjudication. Therefore, it was in fact offered, otherwise, I would not have been questioned by either state or Trial counsel as to what my plans were when given deferred Adjudication.

On November 5th, 2012 my Trial Counsel, Jarrod L. Walker and one of his Associates came to the Court House Holding cell Before Court And Told me if I pled "Guilty" to the Charges And "True" to the Enhancement Paragraphs, that I would Receive Deferred Adjudication. Therefore, I Agreed: And pled under the Assumption I would Receive The Promised deferred Adjudication. which was not Given to me. Therefore, the Plea of Guilt was Coerced By Mr. Walker, And was Not made Voluntarily.

Furthermore, Mr. Larman continues on to state that my Trial Counsel, Mr. Walker, was Effective When He was Not. In Response to my 11.07 writ, Mr. Walker was "Court Ordered" to File an affidavit within 30 Days, signed and Dated By Judge Kathleen Hamilton of the 359th district Court on July 8th, 2014. which gave Mr. Walker until August 7th, 2014 to File the Affidavit. However, the Affidavit was not Filed until March 31st, 2015, Seven months later. And "No" Extensions of Time were Ever Filed By Mr. Walker to File the Affidavit at a later date. Therefore, Mr. Walker "Failed" to comply With A Court Order, which Proves his ineffectiveness. However, Montgomery County Is trying to over look it, and Allow Mr. Walker to get away with it. The Fact Remains, Mr. Walker failed to file the affidavit ontime, and failed to comply With a Court order signed By the Judge. This Shows Mr. Walker Is ineffective. A Grievance has been filed With the State Bar Against Mr. Walker.

Last, But Not least! Mr. Larman stated my Indictments were Valid. They were Not. the 1st Indictment Served to me on January 10th, 2012 Presented A False Enhancement Paragraph. Were Montgomery County Illegally changed my "Solicitation of A Minor to commit Murder" Prior to "Solicitation to Commit Aggrevated Sexual assult of a Child." The Name listed With the Priors On the 1st Indictment Did Not state "Jr." At The End Of the Name. Therefore They Indicated My Father And not Me. For I always Use Jr. at the End of my Name. And the Indictment stated the Evading Arrest charge was A Felony 3, But With A State Jail Felony Penal Code. The Second Indictment, was Issued on October 18th, 2012, They Added Jr. at the End of My Name In the Enhancements, And change the one Prior back to solicitation of a minor to commit murder. However, the Evading arrest charge still showed as a Felony 3 with a state Jail Penal Code. Plus, the Second Indictment had the Burglary of a building charge Back on it after Judge Damico Dismissed the Charge During Probable Cause Court on December 31st, 2011 with the DA's Approval And was not listed on the First Indictment. Second, the Second Indictment was Issued with the same Exact charges as the first one. Before the First Indictment was Ever dismissed on November 5th, 2012. Both, indictments were Invalid As I Stated in the 11.07.

Your Honor's, I Ask that you see that Montgomery County has lied in their answer to my 11.07, and that My attorney was Ineffective, and That you Take Notice to All the mistakes in the Paperwork and Records Pretaining to my Case. I Further Ask that you Please Ignore The States Answer, For I Have Proven what I Say Is the Truth. Through Law, Constitution and Court Issued documents. And I Ask the Honorable Judges of the Court of Criminal appeals to show Leniency to me, And For my Appeal to please Be Granted.

Respectfully Submitted

Kevin A. Larson Jr.
Beto Unit
1391 Fm 3328
Tennessee Colony, Tx. 75880

DA#:126.1

RECEIVED AND FILED
FOR RECORD
At 3:00 O'Clock P M.

NOV 0 7 2012

BARBARA GLADDEN ADAMICK
District Clerk
MONTGOMERY COUNTY, TEXAS
By_____ Deputy

CASE NO.   12-10-11018 -CR
COUNT I
INCIDENT NO./TRN:   9151262487

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE   359TH   DISTRICT |
| | § | |
| V. | § | COURT |
| | § | |
| KEVIN ARTHUR LARSON, JR. | § | MONTGOMERY   COUNTY, TEXAS |
| | § | |

STATE ID NO.: TX06800847

## JUDGMENT OF CONVICTION BY COURT—WAIVER OF JURY TRIAL

| | | |
|---|---|---|
| Judge Presiding:   HON. Kathleen A. Hamilton | Date Judgment Entered: | November 7, 2012 |
| Attorney for State:   Rochelle Guiton | Attorney for Defendant: | Jarrod L. Walker |

Offense for which Defendant Convicted:
**TAMPERING WITH PHYSICAL EVIDENCE**

| | |
|---|---|
| Charging Instrument: <br> Indictment | Statute for Offense: <br> 37.09(a)(1) |

Date of Offense:
**December 30, 2011**

| | | |
|---|---|---|
| Degree of Offense: <br> Fel. 3 Enhanced to Fel 2 | Plea to Offense: <br> Guilty | Findings on Deadly Weapon: <br> N/A |

Terms of Plea Bargain:
    10   years confinement in the Texas Department of Criminal Justice, Institutional Division;
$0.00   Fine

| | |
|---|---|
| Plea to Enhancement Paragraphs: | A, B, C and D |
| Findings on Enhancement Paragraphs: | True |

| | | | |
|---|---|---|---|
| Date Sentence Imposed: | November 7, 2012 | Date Sentence to Commence: | November 7, 2012 |

| | |
|---|---|
| Punishment and Place of Confinement: | 10   years confinement in the Texas Department of Criminal Justice, Institutional Division |

### THIS SENTENCE SHALL RUN CONCURRENTLY.

☐ SENTENCE OF CONFINEMENT SUSPENDED, DEFENDANT PLACED ON COMMUNITY SUPERVISION FOR N/A .

| Fine: | Court Costs: | Atty. Fees | Restitution: | Restitution Payable to: |
|---|---|---|---|---|
| $ 0.00 | $ 284.00 | $ 1260.00 | $ N/A | N/A (see below) |

Sex Offender Registration Requirements do not apply to the Defendant. TEX. CODE CRIM. PROC. chapter 62
The age of the victim at the time of the offense was   N/A .

| | |
|---|---|
| Time Credited: | If Defendant is to serve sentence in TDCJ, enter total incarceration time. <br> **TOTAL: 314 DAYS** <br><br> If Defendant is to serve sentence in county jail or is given credit toward fine and costs, enter days credited below. <br> **N/A DAYS    NOTES: N/A** |

All pertinent information, names and assessments indicated above are incorporated into the language of the judgment below by reference.

WAS DISMISSED By Judge DAMICO
12/31/11 ProBABLE cause court

DA#:127.1



RECEIVED AND FILED
FOR RECORD
At 3:00 O'Clock P. M.

NOV 07 2012

BARBARA GLADDEN ADAMICK
District Clerk
MONTGOMERY COUNTY, TEXAS
By _____ Deputy

CASE NO. 12-10-11018-CR COUNT II
INCIDENT NO./TRN: 9151262487

| | | |
|---|---|---|
| THE STATE OF TEXAS | § § | IN THE 359TH DISTRICT |
| V. | § § | COURT |
| KEVIN ARTHUR LARSON, JR. | § § § | MONTGOMERY COUNTY, TEXAS |

STATE ID NO.:

# JUDGMENT OF CONVICTION BY COURT—WAIVER OF JURY TRIAL

| Judge Presiding: | HON. Kathleen A. Hamilton | Date Judgment Entered: | November 7, 2012 |
|---|---|---|---|
| Attorney for State: | Rochelle Guiton | Attorney for Defendant: | Jarrod Walker |

Offense for which Defendant Convicted:
**BURGLARY OF BUILDING**

| Charging Instrument: | Statute for Offense: |
|---|---|
| Indictment | 30.02(a)(1) |

| Date of Offense: | | |
|---|---|---|
| December 30, 2011 | | |
| Degree of Offense: | Plea to Offense: | Findings on Deadly Weapon: |
| State Jail Enhanced to Fel 3 | Guilty | N/A |

Terms of Plea Bargain:
10 years confinement in the Texas Department of Criminal Justice, Institutional Division;
$0.00 Fine

| Plea to Enhancement Paragraphs: | A, B, C, and D |
|---|---|
| Findings on Enhancement Paragraphs: | True |

| Date Sentence Imposed: | November 7, 2012 | Date Sentence to Commence: | November 7, 2012 |
|---|---|---|---|

| Punishment and Place of Confinement: | 10 years confinement in the Texas Department of Criminal Justice, Institutional Division |
|---|---|

**THIS SENTENCE SHALL RUN CONCURRENTLY.**

☐ SENTENCE OF CONFINEMENT SUSPENDED, DEFENDANT PLACED ON COMMUNITY SUPERVISION FOR N/A.

| Fine: | Court Costs: | Atty. Fees | Restitution: | Restitution Payable to: |
|---|---|---|---|---|
| $ 0.00 | $ see | $ see | $ N/A | N/A (see below) |

Sex Offender Registration Requirements do not apply to the Defendant. TEX. CODE CRIM. PROC. chapter 62
The age of the victim at the time of the offense was N/A.

| | If Defendant is to serve sentence in TDCJ, enter total incarceration time. |
|---|---|
| | TOTAL: 314 DAYS |
| Time Credited: | If Defendant is to serve sentence in county jail or is given credit toward fine and costs, enter days credited below. |
| | N/A DAYS    NOTES: N/A |

All pertinent information, names and assessments indicated above are incorporated into the language of the judgment below by reference.
     This cause was called for trial in Montgomery County, Texas. The State appeared by her District Attorney.
     Counsel / Waiver of Counsel (select one)

DA#:128.1

🖾

CASE NO.   12-10-11018 -CR
COUNT III
INCIDENT NO./TRN:   9151262487

RECEIVED AND FILED
FOR RECORD
At 3:45 O'Clock P M.

NOV 0 7 2012

BARBARA GLADDEN ADAMICK
District Clerk
MONTGOMERY COUNTY, TEXAS
By _____ Deputy

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE   359TH   DISTRICT |
| | § | |
| V. | § | COURT |
| | § | |
| KEVIN ARTHUR LARSON, JR. | § | MONTGOMERY COUNTY, TEXAS |
| | § | |

STATE ID NO.: TX06800847

## JUDGMENT OF CONVICTION BY COURT—WAIVER OF JURY TRIAL

| | | | |
|---|---|---|---|
| Judge Presiding: | HON. Kathleen A. Hamilton | Date Judgment Entered: | November 7, 2012 |
| Attorney for State: | Rochelle Guiton | Attorney for Defendant: | Jarrod L. Walker |

Offense for which Defendant Convicted:
**EVADING ARREST DETENTION W/VEHICLE**

| Charging Instrument: | Statute for Offense: |
|---|---|
| Indictment | 38.04(b)(1) |

*[handwritten: THIS IS NOT THE Penal Code 38.04 B,2,A, THE D.A. STATED in the States Answer]*

Date of Offense:
**December 30, 2011**

| Degree of Offense: | Plea to Offense: | Findings on Deadly Weapon: |
|---|---|---|
| Fel. 3 Enhanced to Fel 2 | Guilty | True |

Terms of Plea Bargain:
    20 years confinement in the Texas Department of Criminal Justice, Institutional Division;
$0.00 Fine

| Plea to Enhancement Paragraphs: | A, B, C, and D |
|---|---|
| Findings on Enhancement Paragraphs: | True |

| Date Sentence Imposed: | November 7, 2012 | Date Sentence to Commence: | November 7, 2012 |
|---|---|---|---|

| Punishment and Place of Confinement: | 20 years confinement in the Texas Department of Criminal Justice, Institutional Division |
|---|---|

THIS SENTENCE SHALL RUN CONCURRENTLY.

☐ SENTENCE OF CONFINEMENT SUSPENDED, DEFENDANT PLACED ON COMMUNITY SUPERVISION FOR N/A.

| Fine: | Court Costs: | Atty. Fees | Restitution: | Restitution Payable to: |
|---|---|---|---|---|
| $ 0.00 | $ See | $ See | $ N/A | N/A (see below) |

Sex Offender Registration Requirements do not apply to the Defendant. TEX. CODE CRIM. PROC. chapter 62
The age of the victim at the time of the offense was N/A.

| | If Defendant is to serve sentence in TDCJ, enter total incarceration time. |
|---|---|
| Time Credited: | TOTAL: 314 DAYS |
| | If Defendant is to serve sentence in county jail or is given credit toward fine and costs, enter days credited below. |
| | N/A DAYS    NOTES: N/A |

All pertinent information, names and assessments indicated above are incorporated into the language of the judgment below by reference.

This cause was called for trial in Montgomery County, Texas. The State appeared by her District Attorney.